IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RB RUBBER PRODUCTS, INC., an
Oregon corporation,

                Plaintiff,

    v.

ECORE INTERNATIONAL, INC., formerly
known as Dodge-Regupol, Inc.,

                Defendant.

Civ. No. 3:11-cv-319-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

*Introduction*

In its second motion to dismiss, defendant ECORE asked the court to transfer any remaining claims to a district court in Pennsylvania. RB Rubber opposed the motion, including this request for a transfer of venue. The court dismissed all but one of RB Rubber's claims, retaining only the claim

for false marking. The court presently addresses the motion to transfer venue contained in the motion to dismiss (#54), and denies the motion.

*Discussion*

"A defendant for whom venue is proper but inconvenient may move for a change of venue under 28 U.S.C. § 1404(a)." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether transfer is appropriate, the district court weighs several factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). "Notably, '[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Exact Order Specialties v. Glow Industries*, No. 03:12-cv-00631-HU, 2012 U.S. Dist. LEXIS 117170, at *18 (D. Or. Aug. 20, 2012) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

ECORE argues that the case should be transferred to the Middle District of Pennsylvania for the following reasons: the Pennsylvania court has personal and subject matter jurisdiction over this case; Pennsylvania is more convenient for all witnesses; the parties have greater contacts in Pennsylvania; and the Pennsylvania court is more familiar with the parties and patent involved in

this case. RB Rubber opposes the motion, noting first that the plaintiff's choice of forum is a critical factor and that the moving party bears the burden to show the transfer is appropriate. RB Rubber argues that ECORE must make a strong showing that the present venue is inconvenient; that RB Rubber has its headquarters in Oregon, thus making this forum more convenient for it, the plaintiff; that relevant witnesses come from places around the globe and, thus, Pennsylvania is no more convenient that Oregon; that this court is as familiar with the governing law as the court in Pennsylvania.

Simply put, the court is not persuaded that a transfer of forum is necessary or even desirable. ECORE must make a strong showing to overcome RB Rubber's choice of forum and has failed to do so. First, the relative convenience of the forums in question does not weigh in ECORE's favor. Although it contends that RB Rubber's witnesses come from Missouri and will not be prejudiced by a transfer to Pennsylvania, RB Rubber maintains that Oregon is most convenient as its headquarters and the majority of its contacts are located here. As plaintiff, RB Rubber's chosen forum is presumptively favored and ECORE's argument does nothing to modify this presumption. Second, this court has working knowledge of the particulars of this case, having issued two lengthy dispositions on motions to dismiss. Although the Pennsylvania court has presided over a similar dispute between these parties, it bears noting that the prior litigation was initiated by ECORE and that ECORE, as plaintiff, was able to choose its preferred forum. After some discovery, ECORE voluntarily withdrew its claims and the court adjudicated only RB Rubber's claim for attorney fees. On this basis, there is no appreciable benefit to transferring this distinct case to Pennsylvania when RB Rubber otherwise has properly exercised its choice of forum.

*Conclusion*

For the reasons stated, ECORE's motion to transfer venue (#54) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.

        /s/ John V. Acosta
        JOHN V. ACOSTA
    United States Magistrate Judge