IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


RB RUBBER PRODUCTS, INC., an Oregon corporation,

               Plaintiff,

       v.

ECORE INTERNATIONAL, INC., formerly known as Dodge-Regupol, Inc.,

               Defendant.

Civ. No. 3:11-cv-319-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

      Defendant ECORE International, Inc. ("ECORE") moves this court for dismissal of Plaintiff

RB Rubber Products, Inc.'s ("RB Rubber") false marking claim. Specifically, ECORE moves for

dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter

jurisdiction. ECORE contends that RB Rubber cannot establish injury-in-fact, an element necessary

OPINION AND ORDER               1                     {KPR}

for constitutional standing.  Alternatively, ECORE moves for reconsideration of this court's September 14, 2012, Opinion and Order (#60) ("O&O") denying dismissal of the false marking claim for failure to state a claim under Rule 12(b)(6).  ECORE argues that the court's conclusion that RB Rubber pleaded competitive injury was legally erroneous.

RB Rubber responds that ECORE has failed to present a change in the law or legal error sufficient to trigger reconsideration and, furthermore, ECORE's standing argument is simply an attempt to relitigate the sufficiency of its false marking claim as pleaded.

*Background*

ECORE has twice before moved for dismissal of RB Rubber's claims.  The court granted ECORE's first motion to dismiss in its entirety, dismissing all claims, with leave for RB Rubber to amend its claims for false marking and wrongful initiation of civil proceedings.  RB Rubber did so and ECORE moved for dismissal of both remaining claims.  The court granted the motion as to wrongful initiation of civil proceedings, but ruled that the '723 Patent's validity did not undermine RB Rubber's claim for false marking of products not covered by the patent and that RB Rubber had sufficiently pleaded deceptive intent and competitive injury.

With respect to competitive injury, this court noted that the Ninth Circuit had yet to address the meaning of competitive injury in the context of a false marking claim.[1]  As such, this court looked to relevant decisions by other district courts in this circuit, including *McCabe v. Floyd Rose Guitars*, CASE NO. 10CV581 JLA (JMA), 2012 U.S. Dist. LEXIS 56604 (S.D. Cal. Apr. 23, 2012),

---

[1] On September 16, 2011, the Leahy-Smith America Invents Act ("the America Invents Act") amended the statutory basis for a false marking claim such that a private plaintiff may recover only where it has suffered a "competitive injury."  *See* 35 U.S.C. § 292(b) ("A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.").

and *Ira Green, Inc. v. J.L. Darling Corp.*, CASE NO. 3:11-cv-05796-RJB, 2011 U.S. Dist. LEXIS 139552 (W.D. Wash. Dec. 5, 2011) ("*Ira Green I*"). In *McCabe*, the court relied on the Ninth Circuit's definition of competitive injury under the Lanham Act as "'harmful to the plaintiff's ability to compete with the defendant.'" *Id*. at *7 (quoting *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995)). In *Ira Green I*, the district court observed that, under the Lanham Act, a presumption of competitive injury is appropriate where the parties are competitors and the defendant's misrepresentations tend to mislead customers in the relevant market. The *Ira Green I* decision extended this definition and presumption to a claim for false marking.

This court also cited a case from a district court in the Second Circuit, *Fisher-Price, Inc. v. Kids II, Inc.*, 10-CV-00988A(F), 2011 U.S. Dist. LEXIS 146663 (W.D.N.Y. 2011), regarding the legislative history of the America Invents Act. According to the *Fisher-Price* court, the America Invents Act's "legislative history establishes that the 'competitive injury' cause of action was intended as a replacement for qui tam actions,[2] the litigation of which was subject to abuse by those with no desire to compete in any particular market, but who viewed a false marking qui tam action as merely a for-profit endeavor." *Id*. at 27-28. As such, the purpose of the "competitive injury" requirement was to limit false marking claims to those seeking to compete in the relevant market.

In light of this precedent, this court concluded that competitive injury is adequately pleaded where "the parties are in competition in the relevant market and the alleged false marking harms the

---

[2] A qui tam action is defined as: "An action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." *Black's Law Dictionary* 1368 (9th ed. 2009). Prior to amendment of the America Invents Act, a party with no stake in the relevant market was able to sue for damages for false marking, provided they split the proceeds with the federal government. *Lightspeed Aviation, Inc. v. Bose Corp.*, 10-cv-239-BR, 2010 U.S. Dist. LEXIS 106607, at *3 (D. Or. Oct. 1, 2010).

plaintiff's ability to compete." (O&O at 17.) This court summarized RB Rubber's allegations and concluded that it had adequately pleaded the element of competitive injury, and denied the motion to dismiss the false marking claim. (O&O at 17-18.) ECORE responded to this ruling by filing its third motion to dismiss, this one based on lack of subject matter jurisdiction, and moving, in the alternative, for reconsideration.

*Discussion*

I.      Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039-40 (9th Cir. 2003). A federal court lacks subject matter jurisdiction over a suit brought by a plaintiff without standing. *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In general, to establish constitutional standing, a plaintiff must demonstrate: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, and (3) the redressability of the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If the court determines a suit lacks constitutional standing, it must dismiss the claim under Rule 12(b)(1). *Cetacean Community*, 186 F.3d at 1174.

ECORE argues that the court lacks subject matter jurisdiction over the false marking claim because RB Rubber cannot state factual allegations that support a finding of competitive injury. The inquiry, thus, hinges on the adequacy of the pleading with respect to false marking, the subject of the motion for reconsideration. As such, the court turns to ECORE's motion for reconsideration to resolve the issue of competitive injury and, it follows, the question of constitutional standing.


II.     Reconsideration

OPINION AND ORDER                    4                              {KPR}

ECORE moves for reconsideration under Rule 54(b) which provides for the revision of any non-final order prior to entry of a final judgment. FED. R. CIV. P. 54(b) (2011). Such motions are generally disfavored, though the court may reconsider an interlocutory order where:

> 1. There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

> 2. There are new material facts that happened after the Court's decision;

> 3. There has been a change in the law that was decided or enacted after the Court's decision; or

> 4. The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Stockamp & Assocs. v. Accretive Health*, CV 04-1443-BR, 2005 U.S. Dist. LEXIS 43061, at *18 (D. Or. Feb. 18, 2005) (quoting *Motorola v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583-586 (D. Az. 2003)).

On a motion to dismiss for failure to state a claim, the court must take as true all allegations of material fact, construing them in the light most favorable to the nonmoving party. *Am. Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court's review is limited to the face of the complaint, any documents referenced in the complaint, and those matters of which the court may properly take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Otherwise, as a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

ECORE argues that the court relied on a wrongly decided case and, moreover, that several district courts had since ruled that a plaintiff must allege actual injury to meet the competitive injury

standard. As this court observed in its prior order, some district courts applied a presumption of competitive injury where the parties were in competition and the defendant's conduct tended to mislead consumers. The court relied on a district court case from the Western District of Washington, *Ira Green I*, for the proposition that a presumption of competitive injury may apply.

ECORE argues, however, that a subsequent decision in that case at the summary judgment stage, *Ira Green, Inc. v. J.L. Darling, Corp.*, No. 3:11-cv-05796-RJB, 2012 WL 4793005 (W.D. Wash. Oct. 9, 2012) ("*Ira Green II*"), undermines the presumption that it observed at the dismissal stage. The *Ira Green II* court observed: "'It is Plaintiff's burden to come forward with evidence that Defendant's false marking was actually the cause of its lost sales.' Causation and proof of lost sales, loss of reputation or goodwill, or inability to freely market or price products are required to survive summary judgment." *Id*. at *10 (quoting *U.S. Rubber Recycling, Inc. v. ECORE Int'l, Inc.*, 2011 U.S. Dist. LEXIS 154151 (C.D. Cal. Dec. 12, 2011)). The *Ira Green II* court held that the plaintiff had failed to raise a genuine issue of material fact, having "presented no facts showing loss of sales, goodwill or ability to market that was *caused* by" the defendant placing its mark on the products, an element necessary since the amendment of the America Invents Act. *Id*. ECORE characterizes the more recent decisions as an implicit recognition that competitive injury may not be presumed.

Additionally, on May 14, 2013, ECORE informed the court of a recent decision by the Federal Circuit. The order affirmed a district court decision in *U.S. Rubber Recycling, Inc. v. ECORE*, No. CV 09-09516 SJO (OPx) (C.D. Cal. Jan. 7, 2011). In *U.S. Rubber*, the district court dismissed on summary judgment a false marking claim alleged against ECORE that is essentially identical to the claim alleged against ECORE in this case. The district court described the claim:

"Plaintiff alleges that Defendant falsely claimed in advertising and promotional materials that its acoustic rubber underlayment products with thicknesses of 2mm, 5 mm, 12 mm, and 15 mm were patented, even though . . . the patent only covered substrates with thicknesses of 9-11 mm." *Id*. at 2.  The district court observed that since passage of the America Invents Act, a claim for false marking requires that the plaintiff demonstrate actual competitive injury caused by the false marking and "[i]t is Plaintiff's burden to come forward with evidence that Defendant's false marking was actually the cause of its lost sales." *Id*. at 6.  The district court carefully evaluated the evidence offered by the plaintiff as proof of competitive injury, but ultimately concluded that the plaintiff failed to create an issue of fact.

The district court did not explicitly consider whether a presumption of competitive injury applies where the parties are competitors and the defendant's conduct tends to confuse consumers. Even so, the decision implicitly rejects the presumption by insisting that the plaintiff demonstrate a question of fact regarding competitive injury, rather than merely relying on a presumption.  As ECORE informed the court, the Federal Circuit recently affirmed this decision without further explanation.  ECORE contends that, in affirming the district court, the Federal Circuit has rejected the extension of the presumption of competitive injury to false marking claims where the parties are competitors and the marking tends to confuse consumers.

The court agrees that the circuit court's order affirming the lower court judgment compels the conclusion that the presumption of competitive injury does not apply to false marking claims under the America Invents Act.  As such, the decision qualifies as a change in law occurring subsequent to the court's original decision and calling for reconsideration of the court's original ruling on this point.  Accordingly, RB Rubber must allege an actual competitive injury arising from

ECORE's false marking.

III.  <u>Competitive Injury</u>

RB Rubber alleges a competitive injury caused by ECORE's conduct.  With respect to its injury, RB Rubber alleges that "has sustained competitive injury such as lost profits and other damages"; that it has lost and continues to lose sales, and has been hindered and delayed in competing with ECORE in the relevant market; and that ECORE's sales have increased as RB Rubber's have decreased, the result of ECORE's actions.  (First Amended Complaint ("FAC") ¶¶ 16, 77, 100.)

RB Rubber describes the conduct of ECORE giving rise to its injury.  ECORE "hindered and delayed" RB Rubber's entry into the market and threatened potential customers.  (FAC ¶ 9.) ECORE successfully monopolized an expanding market, in part by wrongfully enforcing its patent against RB Rubber, other competitors, and customers. (FAC ¶¶ 15, 34, 68-75, 101.) ECORE falsely marked products with thicknesses outside of the nine to eleven millimeter range as covered by the '723 patent, and ECORE continues to advertise these products as patented.  (FAC ¶¶ 84-87.) Exhibits G and H to the First Amended Complaint (Docket #52-7, 52-8) give evidentiary support to the allegation that ECORE falsely marked its non-patented products as patented under the '723 patent.  RB Rubber also alleges that "[u]pon information and belief, the packaging and/or product of the Regupol-QT and Qtscu were also marked with the '723 Patent."  (FAC ¶ 94.)

Additionally, RB Rubber alleges that ECORE publicly represented that RB Rubber was infringing on the '723 patent, and that "ECORE intended to and did in fact deceive RB Rubber, other competitors discussed herein, as well as consumers and the public at large into believing that it held a valid patent and that RB Rubber's products were infringing on its patent."  (FAC ¶ 97-98.)

Exhibit D to the complaint is a press release issued by ECORE which states that "RB Rubber, through its direct sales and under private label arrangements" had willfully infringed the '723 patent. (FAC, Exhibit D.)  The document does not specify which thicknesses of the product are protected by the patent, but refers to ECORE's patented products as "a series of innovations that enable the use of various thicknesses and densities of rubber to be placed under finished flooring . . . ."  *Id.* Exhibits E and F further warn distributors of rubber underlayment not to distribute RB Rubber products because they infringe on ECORE's patent.  (FAC, Exhibits E, F.)

These allegations are sufficient to allege competitive injury  caused by ECORE's false marking.  RB Rubber, though required to plead competitive injury with particularity, is not required to produce evidence of actual competitive injury to survive a motion to dismiss.  Even without application of a presumption of competitive injury to the false marking claim, RB Rubber has met its burden for purposes of this motion.  This conclusion applies with equal force to the question of constitutional standing, in that RB Rubber has adequately pleaded injury-in-fact.

*Conclusion*

For the reasons stated, ECORE's motion to dismiss and, in the alternative, for reconsideration (#62) is DENIED.

DATED this 8th day of July, 2013.


            /s/ John V. Acosta
            JOHN V. ACOSTA
        United States Magistrate Judge